IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–02294–EWN–MEH


GORDON ROBERTSON,

     Plaintiff,

v.

LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
LAS ANIMAS COUNTY SHERIFF JAMES CASIAS,
KURT EMERY,
TERRI MURNANE,
KADE BASSETT,
BOARD OF COUNTY COMMISSIONERS OF LAS ANIMAS
COUNTY, COLORADO,

     Defendants.

---

**ORDER**

---

This matter comes before the court on "Defendants' Motion to Review Taxation of Costs"

filed January 26, 2006.  On December 16, 2005, I issued an order and memorandum of decision

granting Defendants' motion for summary judgment.  (Order and Mem. of Decision [filed

December 16, 2005].)  In the order, I concluded that "Defendants may have their costs upon filing

a bill of costs within eleven days of the date of this order."  (*Id.* at 25.)  On December 27, 2005,

Defendants submitted a bill of costs, including an exhibit itemizing the respective costs.  (Bill of

Costs [filed December 27, 2005] [hereinafter "Bill of Costs"].)  Defendants requested $2,557.12

-1-

in total costs.  (*Id.*)  On December 29, 2005, Plaintiff filed an objection to the bill of costs.  (Pl.'s

Obj. to Defs.' Bill of Costs [filed December 29, 2005] [hereinafter "Pl.'s Obj."].)  On January 6,

2006, Defendants filed a supplement to the bill of costs, clarifying costs related to photocopies

and travel expenses.  (Defs.' Supplement to Bill of Costs [filed January 6, 2006] [hereinafter

"Supplement"].)  On January 19, 2006, the clerk of this court entered an award of costs in the

amount of $1,583.48.  (Award of Costs [filed January 19, 2006] [hereinafter "Award"].)

On January 26, 2006, Defendants filed a motion for review of the clerk's taxation of costs.

(Defs.' Mot. To Review Taxation of Costs [filed January 26, 2006] [hereinafter "Defs.' Br."].)

Defendants object to the clerk's award of $1,583.48 in costs.  (*Id.*)  Defendants request costs

related to the following: (1) the deposition of Claire Robertson; (2) photocopying documents used

in the preparation of Defendants' motion for summary judgment; (3) the witness fee associated

with the deposition of Claire Robertson; (4) copies of Plaintiff's Social Security and medical

records used in the preparation of Defendants' motion for summary judgment; and (5) expenses

related to the taking of depositions.  (*Id.* at 2.)  In total, Defendants request an additional award

of $973.64 beyond the amount awarded by the clerk of this court.  (*Id.*)  On December 15, 2006,

Plaintiff filed a response to Defendants' motion.  (Resp. to Defs.' Mot. to Review Taxation of

Costs [filed December 15, 2006] [hereinafter "Pl.'s Resp."].)  On March 1, 2006, Defendants filed

a reply in support of their motion.  (Defs.' Reply in Supp. of Their Mot. To Review Taxation of

Costs [filed March 1, 2006] [hereinafter "Defs.' Reply"].)

Rule 54(d)(1) provides that:

> costs other than attorneys' fees shall be allowed as of course to the prevailing
> party unless the court otherwise directs. . . . Such costs may be taxed by the clerk
> on one day's notice. On motion served within [five] days thereafter, the action of
> the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1) (2006). The party seeking costs bears the burden of establishing "the

amount of compensable costs and expenses to which it is entitled and assumes the risk of failing

to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002).

Once the clerk has made his decision regarding the taxation of costs, "the party objecting to the

clerk's taxation has the burden of persuading the court that it was proper." 10 Charles Alan

Wright, Arthur R. Miller & Mary Kay Kane, § 2679 (3d ed. 1998); *BDT Prods., Inc. v. Lexmark*

*Int'l, Inc.,* 405 F.3d 415, 420 (6th Cir. 2005). Pursuant to 28 U.S.C. § 1920:

> [a] judge or clerk of court of the United States may tax as costs the following . . .
> (2) Fees of the court reporter for all or any part of the stenographic transcript
> necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in
> the case.

28 U.S.C. § 1920(2)–(4) (2006). I address each of Defendants' objections below.

### a.   *Costs Associated with the Deposition of Claire Robertson*

Defendants contend that they are entitled to the costs incident to the deposition of

Plaintiff's niece, Claire Robertson. (Defs.' Br. at 4.) Under U.S.C. § 1920(2), the costs of

transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing

party. "[A] deposition is not obtained unnecessarily even if not strictly essential to the court's

resolution of the case where the deposition is offered into evidence, is not frivolous, and is within

the bounds of vigorous advocacy." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340

(10th Cir. 1998).  Depositions taken merely for discovery are not taxable as costs.  *Id.* at 1339.

Defendants aver that even though the deposition of Ms. Robertson was not attached to

Defendants' motion for summary judgment, the deposition was "clearly reasonably necessary at

the time [of] the deposition . . . [to develop] Defendants' legal argument with regard to Plaintiff's

claim under Title II of the Americans [w]ith Disabilities Act of 1990 . . . that he was denied access

to program services when he was arrested." (Defs.' Br. at 4.)  Defendants argue that Ms.

Robertson was present during Plaintiff's arrest and that she verified Plaintiff was asked, was

allowed, and did make a call to his attorney at the time of his arrest.  (*Id.*)

Defendants' claim that Ms. Robertson's deposition was necessary in order to develop their

legal argument is disingenuous.  In order to state a claim under Title II of the Americans with

Disabilities Act ("ADA"), Plaintiff must allege that he was excluded from participation in or

denied the benefits of services, programs, or activities of a public entity.  *See Lightbourn v.*

*County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997) (discussing 42 U.S.C. § 2132).

Whether Plaintiff was asked, allowed, and made a call to his attorney at the time of his arrest has

nothing to do with Plaintiff's claim under the ADA.  Therefore, this argument fails.  Further,

Defendants acknowledge they did not attach the deposition of Ms. Robertson to the motion for

summary judgment. (Defs.' Br. At 4.)  Therefore, because the deposition was not entered into

evidence, and it was essentially a discovery deposition, the expense relating thereto are not

taxable as costs.  Accordingly, Defendants are not entitled to recover any costs associated with

taking the deposition.  Thus, the clerk appropriately denied Defendants their costs associated with the deposition of Ms. Robertson.

> ### b.    *Costs Associated with Photocopies of the Summary Judgment-related Documents*

Defendants argue they should be allowed costs of $39.00 for photocopying documents used in the preparation of their motion for summary judgment because the photocopying was reasonably necessary and directly related to the motion for summary judgment.  (Defs.' Br. at 4–5.)  Further, the copies had to be made in order to be scanned for the purposes of electronic filing and preparing Defendants' reply to the motion for summary judgment.  (*Id.*)  The court may tax as costs the "[f]ees for exemplification and copies of papers *necessarily obtained* for use in the case."  28 U.S.C. § 1920(4) (2006) (emphasis added).  Because Defendants made the photocopies in association with the filing and preparation of their motion for summary judgment, I find the copies were necessarily obtained for use in this case.  I therefore conclude that Defendants are entitled to recover the $39.00 in costs associated with the photocopies of the summary judgment-related documents.

> ### c.    *Cost of Witness Fee for Deposition of Claire Robertson*

Defendants contend they are entitled to the cost of the witness fee for Claire Robertson's deposition.  As discussed above, Defendants are not entitled to recover any costs associated with taking the deposition of Ms. Robertson.  This includes the witness fee for the deposition.  Accordingly, the clerk's denial of costs for the witness fee of Ms. Robertson stands as the order of this court.

### d.      Costs of Photocopies of Plaintiff's Social Security and Medical Records

Defendants seek costs of $90.50 for obtaining photocopies of Plaintiff's Social Security

records and medical records from the Colorado Hearing and Balance Clinic.  (Defs.' Br. at 7–8;

Attach. to Bill of Costs.)  Defendants state the Social Security and medical records were

reasonably necessary for use in the case because they were "reviewed and considered in the

development of Defendants' legal argument with regard to Plaintiff's claims under the ADA."

(Defs.' Br. at 7–8.)  The court may tax as costs the "[f]ees for exemplification and copies of

papers *necessarily obtained* for use in the case."  28 U.S.C. § 1920(4) (2006) (emphasis added).

The court determined Plaintiff's ADA claim failed because he could not show he was a qualified

individual with a disability.  (Order and Mem. of Decision at 23.)  However, Defendants were

required to obtain copies of Plaintiff's Social Security and medical records in order to evaluate

whether Plaintiff qualified as an individual with a disability.  Further, Defendants obtained the

documents to confirm that Plaintiff was receiving disability payments and had been diagnosed with

a hearing problem.  (Defs.' Br. at 7.)  I therefore find the photocopies were necessarily obtained

for use in the case, and Defendants are entitled to recover the $90.50 in costs associated with the

photocopies of Plaintiff's Social Security and medical records.

### e.      Costs of Travel Expenses Incident to Taking the Out-of Town Depositions

Defendants seek costs in the amount of $626.76 for travel expenses counsel incurred in

taking and defending out-of-town depositions.  (*Id.* at 8.)  Defendants correctly state that only

items listed under 28 U.S.C. § 1920 may be awarded as costs.  (*Id.* at 9.)  Nevertheless, in

support of their assertion that other out-of-pocket expenses incurred during litigation, including

travel expenses may be awarded if (1) the expenses are not absorbed as part of law firm overhead but are normally billed to a private client, and (2) the expenses are reasonable, Defendants cite *Jane L. v. Bangerter*, 61 F.3d 1505 (10th Cir. 1995); *Bee v. Greaves*, 910 F.2d 686 (10th Cir. 1990); *Clark v. Marsh*, 609 F. Supp. 1028 (D.D.C. 1985); and *Cullens v. Georgia Department of Transportation*, 29 F.3d 1489 (11th Cir. 1994). Notably, in the all of the cases cited by Defendants, the parties properly filed motions for attorneys' fees under 42 U.S.C. § 1988. In this case, Defendants did not file a motion for attorneys' fees. Defendants' bill of costs arises only under 28 U.S.C. § 1920, which does not contemplate travel expenses in its list of recoverable expenses. Therefore, Defendants are not allowed to recover any out-of-pocket expenses not recoverable under 28 U.S.C. § 1920. Thus, the clerk's denial of these costs stands as the order of this court.

Based on the foregoing, it is therefore:

**ORDERED** as follows:

a.       Defendants' Motion to Review Taxation of Costs (#80) is GRANTED in part and DENIED in part.

b.       Defendants' motion is GRANTED to the extent they seek fees for photocopies of documents related to the summary judgment motion and Plaintiff's Social Security and medical records. Defendants are awarded additional costs in the amount of $129.50.

c.       Defendants' motion is DENIED in all other respects.

d.      The hearing scheduled for Friday, June 30, 2006, is VACATED.

Dated this 30th day of June, 2006.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge